# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gregory Thomas, Jr.

## DEFENDANTS
Anthony F. Docos and Schneider National Carriers

**(b)** County of Residence of First Listed Plaintiff: **Polk County, FL**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Baltimore County, MD**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Clancy Boylan, Esq.
2005 Market Street, Suite 350, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- [x] 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391

Brief description of cause:
tractor trailer on shoulder of road; hit/run by another tractor trailer

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/16/2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin Clancy Boylan

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLVANIA

| | | |
|---|---|---|
| GREGORY THOMAS JR.,<br>1836 North Crystal Lake Drive<br>Lakeland, FL 33801 | : | No. |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| ANTHONY F. DOCOS<br>909 Victory Avenue<br>Baltimore, MD 21225 | : | |
| SCHNEIDER NATIONAL CARRIERS, INC.<br>3101 S. Packerland Drive,<br>Green Bay, WI 54313 | : | |
| Defendants | : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Gregory Thomas Jr., by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Gregory Thomas Jr., (hereinafter "Plaintiff") is an adult individual who resides at 1836 North Crystal Lake Drive, Lakeland, FL 33801.

2. The Defendant, Anthony F. Docos (hereinafter "Defendant") is an adult individual who resides at 909 Victory Avenue, Baltimore MD 21225.

3. The Defendant, Schneider National Carriers, Inc. (hereinafter "Schneider") is a Wisconsin Corporation with its headquarters at 3101 S. Packerland Drive, Green Bay, WI 54313.

4. At all relevant times hereto, Schneider regularly and systematically conducted and continues to conduct business in the Commonwealth of Pennsylvania, of which it derives significant income.

5. At all relevant times, the Defendant was the agent, servant, workman and/or employee of Schneider, and was acting in the course and scope of his employment.

6. Schneider has a United States Department of Transportation Number of 264184.

7. Each interstate company, in order to obtain a D.O.T. number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Administration ("FMCSA") that Schneider has access to and is familiar with all available USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

8. More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants:

    a. Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b. Can produce a copy of the FMCSRs;

    c. Had and will have in place a driver safety training/orientation program;

    d. Had and will prepared and maintain an accident register;

    e. Is familiar with D.O.T. regulations governing driver qualifications, and had and will have in place a system for overseeing driver qualification requirements;

 f. Have and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

 g. Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

 h. Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating in the United States.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 U.S.C §1332 in that there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.

10. Venue is appropriate under 28 U.S.C.A §1391(a)(2) in that all of the activities complained of herein occurred within the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS

11. The preceding paragraphs are incorporated herein by reference as if fully set forth at length.

12. On January 5, 2022, at approximately, 10:30 a.m., the Plaintiff's tractor trailer was disabled in the eastern berm on I-81 north.

13. The Plaintiff utilized his emergency flashers and set up emergency triangles to alert drivers that he was broken down, then went back into his tractor trailer while he waited for assistance.

14. On the above date, place and time, the Defendant was operating a tractor trailer for Schneider northbound on I-81.

15. Upon information and belief, Defendant was traveling too fast for conditions and failed to control his tractor trailer appropriately under the circumstances.

16. On the above date, place and time, the Defendant sideswiped Plaintiff's disabled tractor trailer and struck its rear at the 7 o'clock position.

17. Upon striking the Plaintiff's disabled tractor trailer, Defendant failed to stop his tractor and instead fled the scene.

18. Defendant returned to the scene of the collision approximately thirty-five (35) minutes later.

19. As result of the impact, the Plaintiff suffered serious and/or permanent injuries to his shoulder, neck, back and head.

20. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**<u>GREGORY THOMAS JR. v. ANTHONY F. DOCOS</u>**

21. The preceding paragraphs are incorporated herein by reference as though fully set forth.

22. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of Schneider, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions in violation of 75 Pa. C.S.A. 3361;

    d. Failing to pay proper attention while operating his tractor trailer on I-81;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with Plaintiff's tractor-trailer;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer unit;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff's tractor-trailer;

p. Failing to stay at the scene and render aid and instead driving away without stopping;

q. Failing to timely and properly apply his brakes;

r. Violating both the written and unwritten policies, rules, guidelines and regulations of Schneider;

s. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

t. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    u. Violating FMCSA Regulation 395 dealing with hours of service;

    v. Failing to adhere to the amount of hours limit in violation of the FMCSR;

    w. Failing to properly inspect his tractor trailer in violation of the FMCSR;

    x. Striking Plaintiff's tractor-trailer as a result of being on the road for more than the regulated hours in violation of the FMCSR;

    y. Striking the Plaintiff's tractor-trailer as a result of being intoxicated behind the wheel;

    z. Consciously choosing to driver over the regulated amount of hours;

    aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met; and

    bb. Consciously choosing to operate a tractor trailer while under the influence of drugs and/or alcohol.

23. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

    a. Facet disease and ligamentum thickening resulting in bilateral neuroforaminal narrowing at L4-L5;

    b. Disc bulge flattening the anterior thecal sac at L5-S1;

    c. Disc bulge at C3-C4;

    d. Lumbar radiculitis;

    e. Cervical and lumbar spine strain;

    f. Left shoulder strain; and

    g. Post-traumatic headache.

24. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

25. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint has had three (3) transforaminal epidural injections.

26. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

27. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

28. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

29. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

30. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

31. As a result of the aforesaid injuries, the Plaintiff sustained wage loss and an impairment of his earning capacity/potential.

**WHEREFORE**, the Plaintiff, Gregory Thomas, Jr. hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Anthony F. Docos, in an amount in excess of $150,000.00.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**GREGORY THOMAS, JR. v. SCHNEIDER NATIONAL CARRIERS, as being vicariously liable for Anthony F. Docos**

32. The preceding paragraphs are incorporated herein by reference as though fully set forth.

33. The negligence, carelessness, and/or recklessness of Schneider, as being vicariously liable for the actions of Anthony F. Docos, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions in violation of 75 Pa. C.S.A. 3361;

    d. Failing to pay proper attention while operating his tractor trailer on I-81;

    e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with Plaintiff's tractor-trailer;

    f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    g. Failing to exercise due care and caution under all of the existing circumstances;

    h. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Traveling at an excessive rate of speed under the circumstances;

    k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

    l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

    m. Failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

    n. Failing to make necessary and reasonable observations while operating his tractor trailer unit;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff's tractor-trailer;

p. Failing to stay at the scene and render aid and instead driving away without stopping;

q. Failing to timely and properly apply his brakes;

r. Violating both the written and unwritten policies, rules, guidelines and regulations of Schneider;

s. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

t. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

u. Violating FMCSA Regulation 395 dealing with hours of service;

v. Failing to adhere to the amount of hours limit in violation of the FMCSR;

w. Failing to properly inspect his tractor trailer in violation of the FMCSR;

x. Striking Plaintiff's tractor-trailer as a result of being on the road for more than the regulated hours in violation of the FMCSR;

y. Striking the Plaintiff's tractor-trailer as a result of being intoxicated behind the wheel;

z. Consciously choosing to driver over the regulated amount of hours;

aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met; and

bb. Consciously choosing to operate a tractor trailer while under the influence of drugs and/or alcohol.

34. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Gregory Thomas, Jr., hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Schneider National Carriers, Inc., as being vicariously liable for Anthony F. Docos, in an amount in excess of $150,000.00.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## GREGORY THOMAS, JR., v. SCHNEIDER NATIONAL CARRIERS, INC.

35. The preceding paragraphs are incorporated herein by reference as though fully set forth.

36. Schneider had an obligation/duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

37. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

38. The negligence, carelessness and/or recklessness of Schneider, individually and through its various employees, servants, agents and/or workers including, but not limited to Anthony F. Docos, consisted of, but is not limited to the following:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

    b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving and/or criminal record made him unfit to safely operate a commercial vehicle;

    c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that he was unfit to safely operate a commercial vehicle;

    d. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    e. Hiring and/or continuing to employ the Defendant despite the fact that he had an extensive criminal history;

    f. Hiring and/or continuing to employ the Defendant despite his previous driving record;

    g. Failing to have an appropriate disciplinary policy within the company;

    h. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break criminal and/or vehicular rules of various states could and/or would put the driving public at risk;

i. Permitting the Defendant to operate its tractor trailers when it knew or should have known that he was not properly qualified and/or trained;

j. Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailers;

k. Allowing the Defendant to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l. Failing to adopt appropriate employee manuals and/or training procedures;

m. Failing to enforce both the written and unwritten policies of Schneider;

n. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Schneider;

o. Failing to implement and/or enforce an effective safety system;

p. Failing to ensure that its management personnel, employees, drivers and/or agents were aware of the requirements and dictates of the FMCSA regulations;

q. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

r. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t. Failing to monitor and/or regulate its drivers' actions;

u. Failing to monitor and/or regulate its drivers' hours;

v. Failing to monitor and/or regulate its drivers' training;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

aa. Failing to have a policy or mechanism in place to address excessive speed;

bb. Failing to have a policy or mechanism in place to address proper hiring procedures for its drivers, namely analyzing and utilizing proper criminal background checks;

cc. Failing to have a system in place to ensure its drivers did not operate Schneider commercial vehicles while under the influence of drugs and/or alcohol;

dd. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

ee. Failing to act upon and remedy known violations of FMCSA regulation 395.

39. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Gregory Thomas, Jr., hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Schneider National Carriers, Inc., in an amount in excess of $150,000.00.

## COUNT IV
## LOSS OF CONSORTIUM
## GREGORY THOMAS, JR., v. ANTHONY F. DOCOS and SCHNEIDER NATIONAL CARRIERS INC.

40. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

41. As a result of the negligence and/or recklessness of the Defendants, and as a further result of the injuries sustained by Plaintiff, Mrs. Thomas has lost and is continuing to lose the companionship, society and services of her husband, and will continue to lose such society and services for an indefinite time into the future.

**WHEREFORE**, the Plaintiff, Gregory Thomas, Jr., hereby seeks all damages allowed, in addition to punitive damages from the Defendants, Anthony F. Docos and Schneider National Carriers, Inc., in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: /s/ Clancy Boylan
CLANCY BOYLAN, ESQUIRE
Attorney for the Plaintiff